IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RDR, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 16-472-SLR |
| | ) |
| SELECTIVE INSURANCE COMPANY | ) |
| OF SOUTH CAROLINA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of December, 2016, having reviewed defendant's motion to redact plaintiff's complaint and for a protective order, and having reviewed the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 20) is denied, as follows:

1. **Background.** This insurance coverage lawsuit has its genesis in a commercial property insurance claim by plaintiff, RDR, LLC, and the partial denial of the claim by its insurer, defendant Selective Insurance Company of South Carolina. The claim related to damage to the insured premises and its contents arising out of a water main break that occurred at an intersection adjacent to the insured premises. After receipt of defendant's coverage determination, plaintiff filed a complaint with the State of Delaware Department of Insurance, Consumer Services Division ("the Department"), seeking to overturn defendant's position. Thereafter followed an exchange of correspondence between the Department and defendant. (D.I. 22) The Department

did not refer plaintiff's complaint for a formal process: "Your dispute with Selective is a coverage dispute and the Delaware Insurance Code does not provide the Department with the statutory authority to compel Selective to make additional payments to you. Your recourse at this point is to file a complaint in an appropriate state court." (*Id.*, tab 6) Plaintiff did so, which suit was removed by defendant to this court based upon diversity of citizenship.

2. **Analysis.** Defendant argues that the pertinent regulations issued by the Department support its view that the complaint at bar should not include references to the administrative record, nor should plaintiff be permitted to rely on such (or pursue discovery related to such) in connection with the instant dispute. The regulations are not as clear as defendant suggests in this regard. As provided in the record, "Regulation 907" of the Department's regulations provide in relevant part as follows:

> 3.0 **Definitions**
> "**Complaint**" shall mean any expression of a grievance against an insurer made in any form to the Delaware Department of Insurance. . . .
> ******
> "**Founded,**" with respect to a complaint, means:
> • that the insurer's act, acts, omission, or omissions did not comply with a provision of Title 18 of the Delaware Code, regulations promulgated by the Department, or other applicable Delaware statute or regulation; or
> • that the insurer's act, acts, omission, or omissions contravened or were inconsistent with a rate filing, form filing, or other filing made with the Department; or
> • that the insurer's act, acts, omission, or omissions contravened or were inconsistent with a provision or provisions of the agreement to which the individual making the complaint was a party or third party beneficiary; or
> • that the insurer's act, acts, omission, or omissions contravened or were inconsistent with formal standards or practices of the insurer which were relied upon by the insurer in satisfying the requirements [of] any examination

2

> conducted by the Department, alone or in conjunction with the Insurance Departments of other states.
>
> ******
>
> **6.0 Resolution of Complaints**
>
> Complaints shall be resolved in one of the following manners:
>
> **6.1 Complaints Lacking Merit.** The Department may determine that the complaint did not have merit in which case it shall not be deemed to be founded.
>
> **6.2 Resolved in Favor of Consumer.** The Department, through negotiation or mediation, may resolve a complaint, absent any formal proceeding, with some benefit accruing to the consumer. Any resolution in favor of the consumer shall be considered a complaint resolved in favor of the consumer.
>
> **6.3 Referral for Formal Process.** The Department may initiate a proceeding to make a formal determination as to whether the complaint is founded. The Department shall provide a 60 day written notice to the insurer that the complaint has been received and that the complaint will be referred for a formal determination under section 7.0 of this regulation unless the complaint is otherwise resolved within 60 days. . . . Any resolution in favor of the consumer shall be considered [a] founded complaint. . . .
>
> **6.4 Other.** The Department shall classify complaints resolved in a manner other than those listed in subsections 6.1 through 6.3 as "other" in which case the complaint will not be considered founded.
>
> ******
>
> **8.0 Publication of Findings**
>
> The Department shall make available to the public the following information:
>
> 8.1 The details of each founded complaint and action taken by the Insurance Department in response thereto, with information related to the identity of the complaining party deleted;

(D.I. 22, tab 2) In promulgating the above regulations, the Insurance Commissioner recognized the Department's obligation "to provide public access to public records not exempted by law," pursuant to the Delaware Freedom of Information Act ("FOIA"). (*Id.*) Indeed,

> [m]embers of the public generally and the insurance consumer in particular have a vested interest in having that information available that will allow the consumer to make an informed and knowledgeable decision about insurance coverage. . . . This regulation merely takes an inherent right of the

3

> Commissioner and creates a standardized methodology to minimize the potentially harmful consequences that concern the insurers when it comes to publicizing information related to their performance. In that regard, the regulation creates a very discrete category of founded complaints so that complaints upon which there is a good faith basis for the insurer to contest and which ultimately get resolved are not subject to inclusion in the founded complaint computation. As a further protection for all involved, a contested claim is referred for a hearing with all of the Title 18 Chapter 3 protections before the complaint can be considered founded.

(*Id.*)

4. Having reviewed the record, the court concludes that Regulation 907 recited above (18 Del. Admin. Code 907) regulates the Department - not the insurance consumer - in terms of what information the Department is legally obligated to provide to the public, e.g., under a FOIA request. Therefore, regardless of how plaintiff's administrative complaint was characterized by the Department, Regulation 907 does not govern plaintiff's conduct at bar.

5. Even if this were not so, the record is at best ambiguous in this regard. On the one hand, Regulation 907 seems to encompass complaints relating to insurance contracts ("the insurer's act, acts, omission or omissions contravened or were inconsistent with a provision or provisions of the agreement to which the individual making the complaint was a party or third party beneficiary") (*id.*). Ultimately, however, the Department in this case determined that it did not have the authority to resolve plaintiff's "coverage dispute" with defendant. It is just as reasonable to conclude from this determination that Regulation 907 does not apply to the litigation at bar, as it is that the complaint should be characterized as unfounded under Regulation 907, section 6.4.. Therefore, the court declines to seal (or redact from) the complaint the documents that relate to the Department and its interaction with defendant.

6. With respect to the second issue presented in defendant's motion, the Delaware General Assembly has not exempted the targeted documents from discovery or use at trial as is provided, for example, under the medical peer-review statute. 24 Del. C. § 1768(b) (a hospital's peer-review records "are not public records and are not available for court subpoena, nor are they subject to discovery."). Nevertheless, as a matter of practice, the court has considered as inadmissible hearsay such administrative findings as, e.g., those made by the Equal Employment Opportunity Commission or by the Delaware Department of Labor. *See, e.g., Burris v. Richards Paving, Inc.*, 461 F. Supp. 2d 244, 251 n.9 (D. Del. 2006). At the very least, "[t]he Third Circuit has adopted the principle that the admissibility decision regarding [such] determinations is to be made by the trial court in the exercise of its discretion." *See Waters v. Genesis Health Ventures, Inc.*, 2005 WL 61450, at *3 (E.D. Pa. Jan. 10, 2005). Consequently, the court concludes that any further discovery regarding the administrative proceedings in the Department (and any use of such evidence at trial) will be vetted in a more specific discovery conference or motion practice.

_____
United States District Judge